UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **JOSEPH JACQUET**<br>    **LA. DOC #118386**<br>**VS.** | **CIVIL ACTION NO. 6:11-cv-2134**<br><br>**SECTION P**<br><br>**JUDGE MELANÇON** |
| **LYNN COOPER, WARDEN** | **MAGISTRATE JUDGE HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Joseph Jacquet, proceeding *in forma pauperis*, filed the instant petition for writ of habeas corpus on December 8, 2011. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana. Petitioner attacks his 1993 conviction for armed robbery in the Sixteenth Judicial District Court, St. Martin Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings as mandated by 28 U.S.C. § 2244(b).

*Background*

The procedural background of this case is clearly set forth and documented in the Report and Recommendation authored by United States Magistrate Judge C. Michael Hill in the matter entitled *Joseph Jacquet v. Warden*, Civil Action No. 6:10-cv-1931 at Doc. #8. Briefly summarized, it appears that petitioner was convicted of armed robbery following trial in the Sixteenth Judicial District, St. Martin Parish, on September 22, 1993; on January 20, 1994 he was sentenced to serve

60 years at hard labor. He appealed his conviction and sentence to the Third Circuit Court of Appeals and on February 19, 1997, the judgment of conviction and sentence were affirmed. *State of Louisiana v. Joseph Jacquet*, 96-1183 (La. App. 3 Cir. 2/19/1997), 688 So.2d 1337.  Petitioner did not seek further direct review in the Louisiana Supreme Court.

In the latter part of 1994 petitioner filed a petition for writ of *habeas corpus* in the United States District Court for the Middle District of Louisiana. Since that petition complained of his St. Martin Parish conviction, the petition was transferred to this Court. On April 3, 1995, United States Magistrate Judge Mildred E. Methvin recommended dismissal of the petition without prejudice because petitioner failed to exhaust available State court remedies prior to filing his federal petition. On May 2, 1995 United States District Judge Rebecca F. Doherty adopted the report and rendered judgment dismissing the petition without prejudice. *Joseph Jacquet v. Warden, L.S.P.*, No. 6:94-cv-2347 at Docs. #1 (petition), 5 (Report and Recommendation), and 7 (Judgment).

Thereafter, petitioner unsuccessfully attempted to obtain DNA testing of unspecified evidence in the Louisiana courts pursuant to La. C.Cr.P. art. 926.1.

On December 10, 2008 petitioner filed a second petition for writ of *habeas corpus* in this court.  He claimed that he was the victim of an unlawful arrest and an unreasonable seizure and that the State withheld *Brady* material. He also complained about errors in the computation of his sentence.  Because he failed to use the appropriate form after having been specifically directed to do so, his petition was ordered stricken from the record on February 18, 2009.  Then, on January 18, 2011 he filed a Motion seeking a court order directing the Sixteenth Judicial District Court to provide DNA testing and to "look over my case." On January 21, 2011 his motion was denied by United States Magistrate Judge C. Michael Hill. *Joseph Jacquet v. Warden Avoyelles Correctional*

*Center*, No. 6:08-cv-1935 at Doc. #1 (Deficient Petition), 2 (Memorandum Order), 3 (Strike Order), 4 (Motion for DNA testing) and 5(Order Denying DNA Testing). Petitioner attempted to appeal this order to the United States Fifth Circuit Court of Appeal; however, on or about July 12, 2011, the Fifth Circuit dismissed the appeal for lack of jurisdiction. *Jacquet v. Lynn Cooper, Warden*, No. 11-30465. [6:08-cv-1935 at Doc. #15] On July 18, 2011 petitioner filed another motion to obtain DNA testing [Civil Action No. 6:08-cv-1935 at Doc. #16] and on July 20, 2011 United States Magistrate Judge Hill again denied the motion. [Id., at Doc. #17]

Meanwhile, on December 22, 2010 petitioner submitted numerous exhibits related to his conviction, appeal, and collateral attacks in the Louisiana courts. Nowhere did he set forth and identify any claims for *habeas corpus* relief. [*See Jacquet v. Warden*, Civil Action No. 6:10-cv-1931 at Doc. #1] On January 27, 2011 petitioner was notified that his petition was not in proper form and he was directed to amend his petition by using the approved forms. [Id., Doc. #3] On February 16, 2011 he submitted the appropriate form, however, he failed to identify any claims for relief. [Id., Doc. #4, ¶12] It was thereafter assumed that petitioner sought federal *habeas corpus* relief on the grounds set forth in the letter to Judge Polozola which he submitted along with the form petition. In that letter petitioner complained, that his trial should have been a mistrial because there was no probable cause to arrest and detain him; that the evidence was insufficient to convict him; that convicted felons and a police officer were allowed to sit on his jury; that inadmissable evidence was admitted; that the prosecutor was seen exiting the jury room during deliberations; that there was no evidence to establish petitioner's identity as the perpetrator of the crime; and that petitioner was not guilty of the offense in question. [Id. Doc. #4-1] On March 17, 2011, United States Magistrate Judge

C. Michael Hill recommended dismissal of the *habeas* action as time-barred. [Id., Doc. #8[1]] Petitioner objected claiming actual innocence and implying that his innocence exempted him from the limitations established by §2244(d). [Id., Doc. #9] Notwithstanding petitioner's objection, on April 11, 2011, United States District Judge Tucker L. Melançon adopted the recommendation of the Magistrate Judge and ordered that the petition be dismissed with prejudice as time-barred. [Id., Doc. #10] Petitioner did not appeal.

On August 25, 2011 petitioner filed a petition for habeas corpus seeking review of the Louisiana courts' refusal to provide post-conviction DNA testing. On November 23, 2011 the undersigned concluded that the petition was not successive because it did not attack petitioner's conviction and sentence but rather claimed post-conviction error on the part of those Louisiana courts. Petitioner did not object to the Report and Recommendation and on December 20, 2011 Judge Melançon ordered dismissal with prejudice. *See Joseph Jacquet v. Warden Lynn Cooper*, Civil Action No. 6:11-cv-1586 at Doc. #1 (petition), #5 (Report and Recommendation) and #6 (Judgment).

Then, on December 8, 2011 petitioner filed the instant petition for *habeas corpus* attacking the same armed robbery conviction and, at least initially, raising the same grounds raised in Civil Action No. 6:10-cv-1931 – (1) no probable cause to detain petitioner; (2) jury composed of felons and a police officer; (3) the assistant district attorney was observed exiting the jury room; (4)

---

[1] Magistrate Judge Hill concluded that petitioner's judgment of conviction and sentence became final pursuant to 28 U.S.C. §2244(d)(1)(A) on March 21, 1997 and that therefore petitioner had until March 21, 1998 to file his federal habeas petition. It was further concluded that petitioner could not rely on the statutory tolling provision of §2244(d)(2) because he did not file an application for post-conviction relief until October 14, 2008 and by that time the limitations period had long expired. [6:10-cv-1931 at Doc. #8]

4

insufficient evidence etc. [Doc. #1] Petitioner was again directed to use the proper form and in his amended petition filed on January 12, 2012 he asserted the following additional claims for relief – the State refused to introduce the defendant's statement and refused to allow him to testify on his own behalf; misrepresentation by the defendant's attorney; improper use of the defendant's statement by the prosecution; excessiveness of sentence; and, insufficiency of the evidence. [Doc. #5] In addition, petitioner copied, signed, and submitted the Report of Magistrate Judge Hill which had recommended dismissal of his previous habeas petition as time-barred. [Doc. 5-1]

*Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* Furthermore, the Fifth Circuit has determined that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits.

The *habeas corpus* petition filed by petitioner in 2010, *Jacquet v. Warden*, Civil Action No. 6:10-cv-1931, was, as shown above, dismissed with prejudice as time-barred pursuant to 28 U.S.C.

§2244(d). Such a dismissal constitutes an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions. *In re Flowers*, 595 F.2d 204, 205 (5th Cir.2009) (*per curiam*). The instant petition, which attacks the same conviction and sentence is therefore subject to the prohibition against second or successive habeas petitions codified at §2244(b). As previously noted, before a *habeas* petitioner may file a second or successive application in the district court, he must first obtain authorization from the United States Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). A review of the Fifth Circuit's PACER case index reveals that petitioner has neither applied for nor received such authorization. Until such time as petitioner obtains authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir .2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir.2003).

    *In re Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate. *Epps* does not mandate the transfer of successive *habeas corpus* petitions to the Fifth Circuit; it does, however, imply that transfer may be appropriate in some cases, and it adopts a procedure to be used when a successive petition filed without prior authorization is transferred to the court of appeals by the district court. *Id.* Transfer of this case is appropriate and authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court

from which it is transferred." Section 2244(b) divests this Court of jurisdiction to consider petitioner's second and successive habeas petition until such time as the Court of Appeals authorizes such a filing.

Therefore,

**IT IS RECOMMENDED** that petitioner's second and successive petition for writ of *habeas corpus* be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Lafayette , Louisiana Febr

PA                                                                GE
UN